Dear Representative Mueller:
This opinion is in response to your question:
 Does a county court have authority under the "County Aid Road Trust" constitutional and statutory provisions, to require special road districts, or township road districts in the township organization counties, to furnish matching funds in actual dollars or otherwise in construction or work of any kind on the roads, in order to receive these CART funds under the CART fund program?
We assume that by "County Aid Road Trust" you refer to the apportionment of motor vehicle fuel tax revenues mandated by Article IV, Section 30(a).1, Missouri Constitution (as amended 1979).[1]
The constitutional provision creates a plan whereby the revenues generated by a tax "upon or measured by fuel used for propelling highway motor vehicles" are apportioned between the counties, cities, and state. The plan may be summarized as follows:
1. Ten percent of the tax proceeds remaining after certain deductions is placed in a special trust fund known as the "County Aid Road Trust Fund." Amounts from this fund are credited to the various counties according to the following formula:
 One-half on the ratio that the county road mileage of each county bears to the county road mileage of the entire state as determined by the last available report of the state highways and transportation commission and one-half on the ratio that the rural land valuation of each county bears to the rural land valuation of the entire state as determined by the last available report of the state tax commission, except that county road mileage in incorporated villages, towns or cities and the land valuation in incorporated villages, towns or cities shall be excluded in such determination, except that, if the assessed valuation of rural lands in any county is less than five million dollars, the county shall be treated as having an assessed valuation of five million dollars.
Fifteen percent of the remaining net tax proceeds is allocated to incorporated Missouri cities, towns, and villages having a population of more than 100 inhabitants. All remaining net proceeds are allocated to the state.
2. Those funds credited to each county are required to be used by the county "solely for the construction, reconstruction maintenance, and repairs of roads, bridges and highways." ArticleIV, Section 30(a).1(1), Missouri Constitution (as amended 1979). Unless other provisions and restrictions are imposed by law, the Highways and Transportation Commission must prescribe policy, rules, and requirements for the expenditure of these funds. Id.
Pursuant to its constitutional prerogative, the General Assembly provided other provisions and restrictions in Section 231.441, RSMo.[2] That section provides,
 1. All moneys received by a county from the county aid road trust fund shall be used within the county solely for the construction, reconstruction, maintenance and repairs of roads, bridges and highways as the county court shall direct. The county court shall formulate by written regulations, rules and policies for the use of such funds which shall be kept on file by the county recorder for public inspection. The state [highways and transportation] commission shall have no authority to promulgate rules and regulations concerning the expenditure of such funds and all such rules and regulations heretofore promulgated shall be null and void.
 2. The state treasurer by the tenth day of each month shall remit to the county treasurer of each county its allocated share of the county aid road trust fund.
Section 231.441 clearly requires county courts to formulate written rules and policies governing the expenditure of CART funds.
You have informed us that,
 Board members of a special road district are told by the presiding judge of the county what repairs will be made on the road supported by the special road district fund and the amount of money the special road district must pay. If they do not wish to comply, they are not recognized for state funds the following year.
For purposes of this opinion only, we assume that the presiding judge of the county is acting pursuant to a plan promulgated by the county, as required by Section 231.441, RSMo.
Careful examination of Article IV, Section 30(a), Missouri Constitution (as amended 1979), reveals a clear intent to invest the named recipient of CART funds with considerable discretion in their allocation. For example, subsection 1.(1) provides, "The funds credited to each county shall be used by the county solely for the construction . . ." (emphasis added). In addition, that subsection provides specifically that, "[i]n counties having the township form of county organization, the funds credited to such counties shall be expended solely under the control and supervision of the county court, and shall not be expended by the various townships located within such counties." (emphasis added). We also note that the General Assembly has provided that the County Aid Road Trust funds shall be used "as the county court shall direct." Section 231.441.1, RSMo.
We have examined Chapter 233, RSMo, entitled "Incorporated Road Districts" and find therein no legislative indication, express or implied, that special road districts organized thereunder are entitled to CART funds. Sections 233.170 to 233.315, RSMo, authorize the establishment of special road districts in counties not under township organization. These districts are authorized to receive a certain amount of the funds collected as the "special road and bridge tax" authorized by Section 137.555, RSMo, pursuant to Section 233.195, RSMo, and are authorized under Section 233.200, RSMo, to issue road and bridge bonds. We find no language, however, entitling special road districts to CART funds which are distributed to the county courts.
Sections 233.320 to 233.445, RSMo, authorize the establishment of special road districts in township organization counties. These districts are authorized to issue road and bridge bonds, Section 233.345, RSMo, but again we find no language that could be construed as entitling these districts to CART funds which are distributed to the counties.
Under the rule of statutory construction that "the express mention of one thing implies the exclusion of another," Harrison v.MFA Mutual Insurance Co., 607 S.W.2d 137, 146 (Mo. banc 1980), it is fair to conclude, as we do, that the General Assembly's specific delineation of the districts' taxing authority evinces a legislative intent that the rights of special road districts do not extend to CART funds. We enclose for your information three opinions of this office in which we discuss county expenditures of CART funds for roads located in special road districts.
CONCLUSION
It is the opinion of this office that a county court, pursuant to a plan adopted in accordance with Section 231.441, RSMo, may require special road districts to provide matching funds in actual dollars or otherwise, in order to receive CART funds from the county in which the special road district is located.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Charles R. Miller.
Yours very truly,
 JOHN ASHCROFT Attorney General
enclosures: Op. No. 39 2-6-64, Balkenbush
 Op. Ltr. No. 99 3-17-81, Morrison
 Op. No. 320 8-21-70, Proffer
[1] The 1979 amendments to Article IV, Section 30(a), changed the funding percentages for the fund. However, the essential provisions of the Constitution with regard to the use of the fund remain unchanged from the provisions of the original Article IV, Section 30 (a), adopted by the people in 1962.
[2] All statutory references are to RSMo 1978 unless otherwise specified.